Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLS KILL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAPE CLIQUE INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*)**<br><br>**2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, DOLLS KILL, INC. ("Dolls Kill" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1. Plaintiff seeks injunctive relief and damages stemming from Defendants', CAPE CLIQUE INC. and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, et seq.

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

7. Upon information and belief, Defendant CAPE CLIQUE INC. ("CAPE CLIQUE") is a Delaware registered corporation that is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's

copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## FACTUAL BACKGROUND

11. Dolls Kill is a leading global fashion retailer founded in 2011 that established itself as a global brand through strong social media presence and significant resources spent in developing and promoting its own original brands, products and designs featured and offered through its online e-commerce platform at *www.dollskill.com*, as well as Dolls Kill's own retail stores.

12. Dolls Kill is renowned for blending underground lifestyle and fashion including through the creation of eye-catching and colorful prints, designs and other decorative elements easily identifiable by consumers who recognize and love its unique work for their bold nature which distinguishes Dolls Kill from other brands operating within the same industry.

13. Through the creation and distribution of Dolls Kill's original designs and products that caters to a niche audience that stands apart from traditional market demographics and whose culture and interests lacked representation within the retail industry, Plaintiff intends to celebrate the individuality and diversity of others and empower its consumers to be who they are and have fun.

14. On information and belief, it is alleged that CAPE CLIQUE is a fast fashion company and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

15. On information and belief, it is alleged that CAPE CLIQUE has continuously and repeatedly violated Dolls Kill's rights through the manufacture, promotion, distribution and sale in interstate commerce of products bearing designs, prints, graphics, shapes, and other original artwork that are identical or substantially similar to Dolls Kill's copyrighted designs.

## CLAIMS RELATED TO PLAINTIFF'S DESIGNS

16. Plaintiff created and exclusively owns the original two-dimensional artworks (the "Subject Designs") which have been registered with the United States Copyright Office, with all formalities satisfied. True and correct images of the Subject Designs are depicted in **Exhibit A** attached hereto.

17. Prior to the acts complained of herein, Plaintiff sold garments bearing the Subject Designs on its website and made them widely available to viewers.

18. Plaintiff has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Designs.

19. Plaintiff is informed and believes and thereon alleges that following its distribution of the Subject Designs, CAPE CLIQUE, DOE Defendants, and each of them, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring unauthorized reproductions of the Subject Designs or designs which are substantially similar to the Subject Designs (hereinafter "Offending Products").

Offending Products include, but are not limited to, the garments sold by CAPE CLIQUE on https://www.capeclique.com indicating it was manufactured or otherwise distributed by CAPE CLIQUE. All the foregoing acts occurred without Plaintiff's consent.

20. The Subject Designs, Defendants' unauthorized uses, and the corresponding URLs are depicted with identifying information in **Exhibit A** attached hereto.

21. Plaintiff, through counsel, contacted CAPE CLIQUE numerous times to demand that it cease-and-desist in its infringement and provide evidence necessary to discuss an informal resolution. CAPE CLIQUE failed to meaningfully respond.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

22. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of

them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Designs, or were an illegal modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling Offending Products through a nationwide network of retail stores, catalogues, and through on-line websites.

26. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///
///
///
///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs alleged herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects

Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

35. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36. The Subject Designs were routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author.

37. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Designs, and/or added false copyright management information to the Subject Designs, before distributing and publishing same to the public.

38. Plaintiff alleges on information and belief that Defendants, and each of them, distributed, published, and displayed the Subject Designs via the website depicted in **Exhibit A** hereto, under its own name, and removing Plaintiff's attribution information, including without limitation her name and/or metadata.

39. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and said information on and in the Infringing Content is false.

40. When Defendants distributed and published the Subject Designs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a).

41. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against all Defendants and with respect to each claim for relief as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505, 1203;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505, 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 15, 2023                                   Respectfully submitted,

By:   /s/ *Scott Alan Burroughs*
      Scott Alan Burroughs, Esq.
      Trevor W. Barrett, Esq.
      Frank R. Trechsel, Esq.
      DONIGER / BURROUGHS
      Attorneys for Plaintiff